FILED
97 JUN 23 AM 8:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
JUN 23 1997

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

LARRY TUCKER,                )
                             )
    Plaintiff,               )
                             )
v.                           )     CV96-H-2956-NE
                             )
SHANE CHAMBERS, et al.,      )
                             )
    Defendants.              )

MEMORANDUM OF DECISION

Presently before the Court is the May 8, 1997 motion for summary judgment filed by defendants. Pursuant to Orders entered on May 9, 1997 and June 4, 1997, the motion was deemed submitted, without oral argument, on June 13, 1997.

I. Procedural History

Plaintiff commenced this action by filing a complaint in this Court on November 13, 1996. The complaint alleged that plaintiff had been arrested and detained by the defendants, all individual deputy sheriffs sued in their individual capacities. The complaint further alleged that defendants had arrested plaintiff without probable cause, had used excessive force in arresting him, and had deprived him of medical treatment and of the opportunity to post bond. Plaintiff also alleged that another defendant, Brian Buegler, had assaulted him while plaintiff was in custody. The complaint sought relief for these

alleged wrongs under 42 U.S.C. § 1983 and various state-law theories.

On December 4 and 13, 1996, defendants filed a motion to dismiss this action, and the Court dismissed all of plaintiff's state-law claims by an Order dated January 10, 1997.

Defendants filed the present motion on May 8, 1997, and have also submitted a brief and an evidentiary submission consisting of ten exhibits. Plaintiff has also filed a brief, and has submitted a transcript of testimony from his criminal trial in opposition to the motion. Plaintiff's brief relies only on the testimony of Dee Haynes contained in that transcript.

## II. Standards for Evaluating a Summary Judgment Motion

Under Fed.R.Civ.P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the pleadings or filings, which it believes demonstrate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. Once the

2

moving party has met his burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and by his own affidavits, or by the depositions, answers to interrogatories, and admissions of file, designate specific facts showing that there is a genuine issue for trial. Celotex, 477 U.S. at 324.

The substantive law will identify which facts are material and which are irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. Id. at 249.

The method used by the party moving for summary judgment to discharge its initial burden depends on whether that party bears the burden of proof on the issue at trial. See Fitzpatrick, 2 F.3d at 1115-17 (citing United States v. Four Parcels of Real Property, 941 F.2d 1428 (11th Cir. 1991)(en banc)). If the moving party bears the burden of proof at trial, then it can only meet its initial burden on summary judgment by coming forward with positive evidence demonstrating the absence of a genuine issue of material fact; i.e. facts that would entitle it to a directed verdict if not controverted at trial. Fitzpatrick, 2

F.3d at 1115. Once the moving party makes such a showing, the burden shifts to the non-moving party to produce significant, probative evidence demonstrating a genuine issue for trial.

If the moving party does not bear the burden of proof at trial, it can satisfy its initial burden on summary judgment in either of two ways. First, the moving party may produce affirmative evidence negating a material fact, thus demonstrating that the non-moving party will be unable to prove its case at trial. Once the moving party satisfies its burden using this method, the non-moving party must respond with positive evidence sufficient to resist a motion for directed verdict at trial.

The second method by which the moving party who does not bear the burden of proof at trial can satisfy its initial burden on summary judgment is to <u>affirmatively</u> show the absence of evidence in the record to support a judgment for the non-moving party on the issue in question. This method requires more than a simple statement that the non-moving party cannot meet its burden at trial but does not require evidence negating the non-movant's claim; it simply requires the movant to point out to the district court that there is an absence of evidence to support the non-moving party's case. <u>Fitzpatrick</u>, 2 F.3d at 1115-16. If the movant meets its initial burden by using this second method, the non-moving party may either point out to the court record evidence, overlooked or ignored by the movant, sufficient to withstand a directed verdict, or the non-moving party may come

forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency. However, when responding, the non-movant can no longer rest on mere allegations, but must set forth evidence of specific facts. <u>Lewis v. Casey</u>, ____ U.S. ____, 116 S.Ct. 2175 (1996).

### III. Relevant Undisputed Facts

On November 13, 1994, defendant Shane Chambers was dispatched from the Cullman County Sheriff's Department to a house located near the Pure Country Store in Valley Grove, Alabama. (Chambers Aff.). When Chambers arrived at the property, he was met by plaintiff, who told Chambers that he owned the vacant property and suspected certain individuals of conducting drug-related activities there. (<u>Id.</u>). During the course of his conversations with plaintiff, Chambers smelled alcohol on plaintiff's breath and ascertained that plaintiff was holding a mixed drink in his hand. (<u>Id.</u>).[1] Chambers poured plaintiff's drink out and told plaintiff to go home. (<u>Id.</u>).

At this point, Chambers went into the Pure Country Store to discuss the drug activities at the neighboring house with the

---

[1] Plaintiff disputes that he had been drinking alcohol on the night in question. <u>See</u> Trial transcript at 240. However, this factual dispute is irrelevant to the Court's resolution of the motion for summary judgment.

5

owner of the store, Dee Haynes. (Id.; Trial Tr. 244-45). After Chambers and Haynes had been talking for a few minutes, plaintiff came into the store, complaining that Chambers was trying to arrest him for being drunk. (Trial Tr. 245-46). Plaintiff was apparently irate at Chamber's accusation, and told Chambers that he did not need a babysitter. (Id. at 246; Chambers Aff.). Chambers verbally placed plaintiff under arrest, at which point plaintiff became angry and abusive, and starting cursing at Chambers and saying "I'm not going to jail." (Chambers Aff.). Chambers decided to call for backup. (Id.).

In response to Chambers' call for backup, five additional law enforcement officers arrived: defendants Teichmiller, Thompson, Britt, Stewart, and Gay. (Id.). When these officers arrived, plaintiff was being unruly and combative, and told the assembled group, "hell no, I'm not going to jail." (Stewart Aff.; Gay Aff.). The officers attempted to reason with plaintiff and convince him to come with them quietly, but he refused. (Id.). Defendant Gay, the most senior official present, ordered his men to take plaintiff into custody, and plaintiff resisted arrest. (Id.). Plaintiff ended up on the floor of the store, "scuffling" and "wrestling" with the deputies. (Trial Tr. 262, 284). During this time, plaintiff was kicking so violently that he kicked his shoes off, and he kicked a metal table in the store, creating a superficial laceration on his foot. (Id. at

6

262; Gay Aff.).[2] Plaintiff resisted so violently that the deputies were unable to get his arms behind his back, and so were forced to handcuff his hands in front of him. (Gay Aff.).

After plaintiff was subdued, the deputies, who had not yet noticed the cut on plaintiff's foot, asked him to walk out to the car with them. (Gay Aff.). Plaintiff refused, and so four deputies carried him out to a waiting patrol car. (Id.). During this trip, Gay noticed blood on the floor from plaintiff's foot laceration, and again asked plaintiff to walk voluntarily to the car. (Id.). Plaintiff complied. (Id.).

Chambers, Gay, and Britt took plaintiff to the Cullman Medical Center emergency room immediately after leaving the Pure Country Store. (Chambers Aff.). When they arrived at the medical center, Chambers asked plaintiff to get out of the car and proceed into the emergency room for treatment of his foot. (Id.). Plaintiff refused. (Id.). Chambers then went inside the emergency room and brought some medical personnel out to see plaintiff. (Id.). These individuals looked at plaintiff's foot and told plaintiff that he needed medical attention, but plaintiff again refused. (Id.). The deputies asked whether the condition was life-threatening, and after they received a negative reply, took plaintiff to jail and placed him in a cell.

---

[2]The Court characterizes the laceration as "superficial" based upon the undisputed medical evidence in the record, submitted by defendants as exhibit J.

7

(Id.). Plaintiff fell asleep on the floor of the cell. (Britt Aff.).

Plaintiff slept through the night, and defendant Buegler found him asleep the next morning. (Buegler Aff.). Buegler nudged plaintiff with his foot to wake him up, and then asked plaintiff to get up to go to the hospital for treatment of his foot injury. (Id.). Plaintiff refused, and Buegler called an ambulance, which transported plaintiff to the hospital. (Id.). After plaintiff received treatment at the hospital, he was released by Buegler into the custody of his attorney. (Id.).

On March 12, 1997, plaintiff stood trial for public intoxication, drunk and disorderly behavior, and resisting arrest in the District Court for Cullman County, Alabama. (Trial Transcript). Judge Kim Chaney found plaintiff guilty of public intoxication and resisting arrest on that same day. (Defendant's ev. submission, ex. H).

## IV. Analysis

Plaintiff's complaint asserts the following claims under § 1983:

(1) that he was arrested unlawfully, in the absence of probable cause;

(2) that excessive force was used to effectuate his arrest;

(3) that he was deprived of medical care;

8

(4) that he was denied the opportunity to post a release bond; and

(5) that he was physically assaulted by defendant Buegler while in custody.

The Court need not exhaustively analyze plaintiff's claims of excessive force, denial of medical care, denial of a release bond, and the alleged assault by Buegler, because the undisputed evidence in the record negates the factual predicate for each of these claims. The only evidence submitted by plaintiff is the prior testimony of Dee Haynes, who witnessed plaintiff's arrest at the Pure Country Store. Haynes' testimony validates the defendants' affidavits that plaintiff, in fact, resisted arrest, and contains no assertion that defendants used excessive force in taking plaintiff into custody. Further, Haynes' personal knowledge ends at the point at which plaintiff was taken into custody; Haynes offered no testimony regarding what happened after plaintiff was placed in Chambers' patrol car, and so the only evidence of events occurring after that time comes from defendants' affidavits. Those affidavits establish as undisputed fact that plaintiff was not deprived of medical care, that no excessive force was used on plaintiff, that plaintiff was not denied the opportunity to post a bond, and that Buegler did not assault plaintiff at the jail. The absence of any evidence submitted by plaintiff mandates the entry of summary judgment in

defendants' favor with respect to each of these claims.

This leaves the Court to address plaintiff's claim that Chambers and the other defendants arrested him without probable cause. Plaintiff asserts that, in fact, he was not drinking on November 13, 1994, that his speech and behavior were normal, and that he did not smell of alcohol. Thus, plaintiff argues, there was no probable cause for Chambers to arrest him on a public intoxication charge.

However, plaintiff was subsequently convicted of public intoxication, which conviction has not been reversed or vacated. The judgment of the Cullman County District Court that plaintiff was guilty of public intoxication obviously depended on a factual finding that plaintiff was, in fact, intoxicated on the night of November 13, 1994. Plaintiff's probable cause claim seeks to assert the contrary fact -- that plaintiff was not under the influence of alcohol on that occasion.

This conflict between plaintiff's § 1983 claim and his prior conviction nullifies plaintiff's § 1983 claim under the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held that a plaintiff may not maintain a § 1983 claim that would necessarily call into doubt the validity of an existing state-court criminal conviction. Id. at 486-87. Here, plaintiff's claim is that he was not intoxicated on November 13, 1994, a claim that is flatly inconsistent with his state-court conviction. If plaintiff's claim were successful, it

would necessarily call into question the validity of the state court's judgment of conviction, and, thus, Heck bars plaintiff's probable cause claim.[3] See Hudson v. Hughes, 98 F.3d 868, 872 (5th Cir. 1996); Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996); Wells v. Bonner, 45 F.3d 90, 95 (5th Cir. 1995) (all finding probable cause claims barred by Heck).

---

[3] The Eleventh Circuit has held that, when a § 1983 claim is barred by Heck, the district court should dismiss the claim as premature. Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995). Thus, the Court cannot evaluate plaintiff's probable cause claim on the merits. However, the Court does note that it has serious doubts as to the viability of plaintiff's claim on the merits. Initially, the Court observes that the only evidence submitted by plaintiff -- Haynes' testimony in plaintiff's criminal trial -- appears to be inadmissible hearsay that cannot suffice to defeat a motion for summary judgment. Rule 56 allows a non-moving party to submit depositions, affidavits, and other forms of hearsay evidence in opposition to a motion for summary judgment, and a court should consider that evidence in resolving the motion. See McMillan v. Johnson, 88 F.3d 1573, 1584 (11th Cir. 1996). However, Rule 56 does not mention former testimony as a type of evidence that may be submitted over a hearsay objection. Although some courts have held that prior testimony is admissible under Rule 56, see Kelley v. Price-Macemon, Inc., 992 F.2d 1408, 1415 n.12 (5th Cir. 1993); United States v. O'Connell, 890 F.2d 563, 567 (1st Cir. 1989), the Eleventh Circuit has not considered this issue. In this Court's view, the absence of prior testimony from the text of Rule 56 renders such evidence inadmissible hearsay that is insufficient to defeat a motion for summary judgment. Nevertheless, the Court has accepted plaintiff's proffered evidence for the purpose of deciding the present motion.

In addition, the Court notes the principle that plaintiff's conviction collaterally estops him from asserting a lack of probable cause for his arrest. See Allen v. McCurry, 449 U.S. 90 (1980); Currier v. Baldridge, 914 F.2d 993, 996 (7th Cir. 1990) ("a plaintiff's previous conviction collaterally estops the plaintiff from reasserting a lack of probable cause."). If the Court were to reach the merits of plaintiff's claim, plaintiff's conviction would prevent this Court from revisiting the factual issues necessary to the state court's judgment of conviction.

11

To conclude, plaintiff's claims that he was subjected to excessive force during and after his arrest, together with his claims of deprivation of medical treatment and the opportunity to post a release bond, are negated by the undisputed evidence in the record. Plaintiff's claim that defendants lacked probable cause to arrest him is not a cognizable § 1983 claim in light of plaintiff's outstanding state court conviction. The Court will enter a Final Order and Judgment granting defendants' motion for summary judgment with respect to the former claims, and dismissing plaintiff's probable cause claim as premature.

DONE this 23rd day of June, 1997.

_____
SENIOR UNITED STATES DISTRICT JUDGE